# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable A. Bruce Campbell

| | |
|---|---|
| In re: ) | |
| ) | |
| PETER GEORGE MARTIN, ) | Case No. 10-37360 ABC |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| PETER GEORGE MARTIN, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 11-1536 ABC |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Cross Motions for Summary Judgment filed by Plaintiff, Peter George Martin ("Plaintiff" or "Debtor"), and by the United States of America ("Defendant" or "United States"). The Court, having reviewed the file and being otherwise advised in the premises, finds as follows.

### Background

In this adversary proceeding, Debtor seeks a declaration that the debt he owes the United States for his 2000 and 2001 federal income taxes was discharged in his Chapter 7 bankruptcy. The United States asserts that this tax debt is non-dischargeable under 11 U.S.C. § 523(a)(1)(B)(i). This outcome of this case turns on the Court's interpretation of this section's exception from discharge of debts for taxes "with respect to which a return . . . was not filed."

This issue was addressed by another division of this Bankruptcy Court in *Wogoman v. Internal Revenue Service (In re Wogoman)*, 2011 WL 3652281 (Bankr. D. Colo. 2011). Pending the appeal of the *Wogoman* decision to the Bankruptcy Appellate Panel for the Tenth Circuit, the parties' cross-motions for summary judgment in this case were held in abeyance. The Tenth Circuit BAP's opinion affirming Judge Brooks' decision was recently issued. See, *Wogoman v. Internal Revenue Service (In re Wogoman),* 475 B.R. 239 (10th Cir. BAP 2012).[1]

---

[1] The BAP affirmed Judge Brooks' opinion, but declined to affirmatively adopt his reasoning. It also declined to adopt any single one of the other criteria it considered for

The time for appeal of the BAP's decision has passed without further appeal. The parties cross-motions for summary judgment in this case are now ripe for consideration.

## Undisputed Facts

The parties have stipulated to the following material undisputed facts.[2]

1. Debtor filed his voluntary Chapter 7 case on October 28, 2010. The Court issued a discharge to Debtor on February 18, 2011.

2. At the time the petition was filed, Debtor owed tax liabilities for 2000 and 2001.

3. The Internal Revenue Service ("IRS") made an assessment of Debtor's tax debt for the 2000 and 2001 periods after conclusion of an examination and issuance of statutory notices of deficiency pursuant to 26 U.S.C. §§ 6212-13. The assessment was made on November 8, 2004.

4. Debtor submitted Forms 1040 signed under penalty of perjury to the IRS for his 2000 and 2001 federal income tax liability on or about May 5, 2005.

5. The IRS partially abated Debtor's 2000 and 2001 liabilities in September 2005. After abatement, the amount of the tax liabilities for 2000 and 2001 are equal to the amounts reported on the Forms 1040 submitted by Debtor in May 2005.

6. Debtor does not dispute the amount of his 2000 and 2001 federal income tax liabilities currently outstanding.

## Arguments of the Parties

The dispute in this adversary proceeding concerns whether the Debtor's 2000 and 2001 Forms 1040, filed some 5 months after his tax liability for these years was assessed by the IRS, were "returns" such that the taxes owed by Debtor for 2000 and 2001, after the IRS abated a portion of its assessment, are dischargeable.

Debtor relies on a literal reading of § 523(a)(1)(B)(i). He notes that it is not disputed that

---

determining whether a return filed after an IRS assessment qualifies as a "return," for purposes of § 523(a)(1)(B)(i). Instead the BAP affirmed, applying various standards, without specifying which was controlling on the facts of *Wogoman*.

[2]See, Joint Stipulation Regarding Undisputed Facts, filed on February 27, 2012 at Docket #19. For simplicity, some of the undisputed facts are paraphrased in this Order.

all other requirements for discharge of tax debt are met in this case.[3]  Debtor argues that whether a "return" was filed should depend on an objective analysis of the document filed, not a subjective test of the taxpayer's motivation for filing the return.  Finally, he asserts that the United States' position – that a return filed after a tax debt is assessed is not a "return" – is not logical.  Debtor contends that the BAPCPA amendment to § 523(a) does not change the analysis in this case.

The United States argues that tax returns filed after assessment of a tax liability are not "returns" under § 523(a)(1)(B)(i).  It contends that such a return does not "satisf[y] the requirements of applicable nonbankruptcy law," as required by the BAPCPA amendment, because the purpose of the filing – to generate a self-assessment of tax – has been made moot by the prior IRS tax assessment.  The taxpayer, by post-assessment filing, "cannot alter the fact that the tax debt was not self-assessed [and is, therefore,] a tax debt 'for which no return was filed.'"  United States' Motion for Summary Judgment [Docket #20] at p. 5-6**.**  The United States notes that this was also the majority view of cases that considered this issue prior to BAPCPA.

## Discussion

### 1.  Summary Judgment Standards

Fed. R. Civ. P. 56(a), made applicable in this adversary proceeding Fed. R. Bankr. P. 7056, provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."
Both Debtor and the United States contend that the undisputed facts of this case entitle them to judgment as a matter of law.

### 2.  Section 523 of the Bankruptcy Code

This section provides in relevant part that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt–

---

[3]  Other types of non-dischargeable taxes are:  taxes for which a return was last due less than three years prior to the date of filing of the petition, or those assessed within 240 days before the date of the filing of the petition (§§ 523(a)(1)(A) and 507(a)(8)); taxes for which a return was filed late and less than two years before the date of the filing of the bankruptcy petition  (§ 523(a)(1)(B)(ii)); and taxes with respect to which the debtor made a fraudulent return or willfully attempted to evade or defeat the tax (§ 523(a)(1)(C)).  None of these exceptions from discharge apply to the taxes in this case.

>    (1) for a tax . . . –
>       (B) with respect to which a return . . . if required–
>          (i) was not filed . . . .

### 3. The BAPCPA Amendment

Prior to October, 2005, the Bankruptcy Code had no definition of the term "return."[4] BAPCPA added the following definition of "return" in an unnumbered section at the end of § 523(a) (the "BAPCPA Amendment"):

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

 Neither Debtor nor the United States argues that this case involves returns prepared pursuant to section 6020(a) or 6020(b) of the Tax Code. See, United States' Motion for Summary Judgment at p. 6. Nor does it involve a written stipulation to a judgment or a final order of a nonbankruptcy tribunal. Thus, the only sentence of the BAPCPA Amendment that impacts the analysis in this case is the first – which defines a return as something that "satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)."

Some courts have interpreted "applicable filing requirements" in the BAPCPA Amendment to encompass the time for filing a tax return. Under this reading any late-filed return, other than one prepared pursuant to section 6020(a) of the Tax Code, or a similar provision in a State or local law, does not meet the BAPCPA definition of a "return," and all taxes relating to late-filed returns are non-dischargeable under § 523(a)(1)(B)(i). See, *McCoy v. Miss. State Tax. Comm (In re McCoy),* 666 F.3d 924, 932 (5th Cir. 2012). This interpretation says too much, however, essentially rendering § 523(a)(1)(B)(ii) superfluous. Section 523(a)(1)(B)(ii) provides that taxes for which a return was filed "after such return was last due" and less than 2 years prior to the date of bankruptcy are not discharged. This section refers specifically to late-filed tax returns, and is the only place in § 523(a) where late filing is specifically referenced. To read "return" in § 523(a)(1)(B)(i) as meaning "timely-filed return" would make the discharge exception of § 523(a)(1)(B)(ii) entirely coincidental with that of § 523(a)(1)(B)(i), except in the case of tax returns prepared under section 6020(a) of the Tax Code more than 2 years prior to bankruptcy.

A statute should be construed so that effect is given to all its provisions, so that no

---

[4] The Tax Code still contains no definition of "return."

>part will be inoperative or superfluous, void or insignificant.

*Hibbs v. Winn*, 542 U.S. 88, 101 (2004)(quoting 2A N. Singer, Statutes and Statutory Construction §4606, pp. 181-186 (rev. 6th ed. 2000)).

Such an interpretation also requires the use of a different definition of the term "return" in § 523(a)(1)(B)(i) and in § 523(a)(1)(B)(ii), because § 523(a)(1)(B)(ii) speaks of "returns" filed "after the date on which such return . . . was last due." This contravenes

>the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning.

*Gustafson v. Alloyd Co., Inc*., 513 U.S. 561, 570 (1995). There is nothing in the legislative history to the BAPCPA Amendment that indicates it was intended to have such an effect on § 523(a)(1)(B)(ii). The legislative history says only that the amendment was intended

>to provide that a return prepared pursuant to section 6020(a) of the Internal Revenue Code, or similar State or local law, constitutes filing a return (and the debt can be discharged), but that a return filed on behalf of a taxpayer pursuant to section 6020(b) of the Internal Revenue Code, or similar State or local law, does not constitute filing a return (and the debt cannot be discharged).

H.R. Rep. No. 109-31(I) (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 167.

For all these reasons, the Court rejects the interpretation of the BAPCPA Amendment in which timeliness of a return is deemed an "applicable filing requirement." "Applicable filing requirements" must refer to considerations other than timeliness, such as the form and contents of a return, the place and manner of filing, and the types of taxpayers that are required to file returns. These "applicable filing requirements" are found in statutes, *e.g*. 26 U.S.C. § 6011, regulations, and in case law. Pre-BAPCPA case law is therefore relevant to determine whether a disputed document sufficiently complies with requirements concerning form, manner, contents, and place of filing, and whether a document otherwise "satisfies the requirements of nonbankruptcy law" so to be considered a "return" for purposes of § 523(a).

### 4. Pre-BAPCPA Case Law

Prior to the effective date of BAPCPA, courts looked to Supreme Court and Tax Court cases to determine whether a document filed by a debtor constituted a "return" sufficient to avoid the discharge exception of § 523(a)(1)(B)(i). The most common rubric used, referred to as the "*Beard* test," has four elements. To be considered a "return," a document must: (1) contain sufficient information to permit a tax to be calculated; (2) purport to be a return; (3) be sworn to as such; and (4) evince an honest and genuine endeavor to satisfy the law. *Beard v. Commissioner*, 82 T.C. 766, 774-79 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986). The *Beard* test is a compilation of factors from two Supreme Court decisions involving whether forms filed by

taxpayers constituted "returns" for the purpose of determining the date on which the statute of limitations for deficiency assessments began to run.  In *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180 (1934), the Court explained that "[p]erfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the law."  In *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 309 (1940), the Court stated that "where a [taxpayer], in good faith, makes what it deems the appropriate return, which discloses all of the data from which the tax . . . can be computed," a return has been filed.

When faced with the question of whether a "return" has been filed for discharge purposes, if a taxpayer files a sworn 1040 containing accurate information after an assessment is made by the IRS, the Courts of Appeals have differed in their application of the fourth element of the *Beard* test.  The Sixth Circuit has ruled in favor of the government in this situation, finding that 1040 forms filed after an assessment has been made "serve no tax purpose," thus the debtor's actions in filing the 1040s were not an "honest and reasonable attempt to satisfy the requirements of the tax law," the 1040s were not "returns" for purposes of § 523(a)(1)(B)(i), and the assessed liabilities were not dischargeable.  *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1034-35 (6th Cir. 1999).  The Fourth and Seventh Circuits have come to the same conclusion.  See, *Moroney v. United States (In re Moroney)*, 352 F.3d 902, 906 (4th Cir. 2003)(form filed after assessment does not serve the basic self-reporting purpose of tax return) and *In re Payne* 431 F.3d 1055, 1059-60 (7th Cir. 2005).

The opposite conclusion was reached by the Eighth Circuit in *Colsen v. United States*, 446 F.3d 836 (8th Cir. 2006).  Agreeing with the reasoning and conclusion of Judge Easterbrook's dissent in *Payne*, the Eighth Circuit ruled that, for the purposes of § 523(a)(1)(B)(i),  the determination of whether a document evinces an honest and genuine attempt to satisfy the law under the *Beard* test does not require consideration of the timing of the taxpayer's filing or of the filer's intent.  Rather, this prong of the test should be an objective one, "determined from the face of the form itself, not from the filer's delinquency or the reasons for it. The filer's subjective intent is irrelevant."  446 F.3d at 840.  Thus, where the debtor's 1040s contained data that allowed for the accurate computation of his taxes, they served a valid purpose of the tax laws and were properly found to be "returns." Accordingly, the tax liability shown on the returns was dischargeable in the debtor's bankruptcy filed four years later.

This Court agrees with the analysis of Judge Easterbrook and the Eighth Circuit.[5]  The policies promoted by excepting taxes resulting from untimely and/or fraudulent tax returns from

---

[5] The Court acknowledges that in *dicta* in *Payne*, Judge Easterbrook said of the BAPCPA Amendment:  "[a]fter the 2005 legislation, an untimely return can not lead to a discharge – recall that the new language refers to 'applicable nonbankruptcy law (including applicable filing requirements).'" 431 F.3d at 1060.  Judge Easterbrook may have made this aside without fully considering the implications of his statement or the interplay between § 523(a)(1)(B)(i) and § 523(a)(1)(B)(ii).  See p. 4-5, *supra*.

discharge are addressed in other sections of § 523(a)(1).  Section 523(a)(1)(B)(ii) provides that if a return is not filed when it is due, the taxes are not discharged in any bankruptcy filed within the two-year period after the return is actually filed.  Section 523(a)(1)(C) provides no discharge at all for tax debts resulting from fraudulent returns or if the debtor willfully attempts to evade or defeat a tax.  To graft the concepts of timeliness and fraud into the meaning of "return" in § 523(a)(1)(B)(i) is not only unnecessary in light of §§ 523(a)(1)(B)(ii) and 523(a)(1)(C), but distorts what is otherwise plain statutory language concerned only with whether a "return" was "filed."

Adding the further distinction, as the United States argues in this case, between a return filed prior to an assessment and one filed after an assessment, with the former considered a "return" for purposes of § 523(a)(1)(B)(i), but the latter not, does violence to the convention of statutory interpretation referenced above.  Moreover, the only purpose served by this distinction is to promote self-assessment of tax liability.  No matter the importance of self-assessment to the functioning of our system of tax collection, Congress has so far elected not specifically to include it as an additional condition to discharge of tax liability under § 523(a)(1)(B)(i). Congress knew how to make the date of assessment relevant to dischargeability as it did by incorporating § 507(a)(8)(A)(ii) (taxes "assessed within 240 days before the date of the filing of the petition") into the discharge exception of § 523(a)(1)(A).  If filing a return after an assessment is made was relevant to discharge under § 523(a)(1)(B)(i), one would certainly expect more explicit reference in the statute.[6]

## Conclusion

A document is a "return" for purposes of § 523(a)(1)(B)(i) if it complies with "applicable filing requirements" concerning the form and contents of a return, the place and manner of filing, and the types or classifications of taxpayers that are required to file returns**,** and if it otherwise complies with requirements of nonbankruptcy law.  In making the determination of whether a document "evinces an honest and genuine endeavor" to satisfy the law, an objective test, based on the face of the document, not the timeliness of its filing, must be used.   Using these tests, the undisputed facts in this case demonstrate that Debtor's 2000 and 2001 Forms 1040 were "returns," and the debt owed to the United States as shown on these returns is not within the discharge exception of § 523(a)(1)(B)(i).  Accordingly, it is

---

[6] Some courts, including the Bankruptcy Court in *Wogoman*, have reached the result sought by the United States not by defining "return" differently depending on when an assessment was made, but by deeming the debt at issue when returns are filed post-assessment a "debt based upon the IRS's examination and assessment . . . and not on any return filed by the [debtor]."  2011 WL 3652281 at *5.  This court declines so to construe the statute's language.  In the case before the Court, the <u>debt</u> which is the subject of this dischargeability contest is agreed to be in the amount set forth in the Debtor's post-assessment Forms 1040, not the amount contained in the IRS assessment.

ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment is DENIED; and it is

FURTHER ORDERED that judgment shall enter in favor of Plaintiff declaring that the debt owed by Plaintiff to the United States for his 2000 and 2001 taxes was discharged by the discharge issued on February 18, 2011 in Case No. 10-37360 ABC.

Dated: November 14, 2012                    BY THE COURT:

                                            _____
                                            A. Bruce Campbell,
                                            United States Bankruptcy Judge